**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF TENNESSEE**
**NASHVILLE DIVISION**

| | | |
|---|---|---|
| **WILLIAM H. VAUGHAN** | ] | |
| **Petitioner,** | ] | |
| | ] | |
| **v.** | ] | **No. 3:10-0001** |
| | ] | **Judge Trauger** |
| **WARDEN DAVID MILLS** | ] | |
| **Respondent.** | ] | |

**M E M O R A N D U M**

The petitioner, proceeding *pro se*, is an inmate at the Morgan County Correctional Complex in Wartburg, Tennessee. He brings this action pursuant to 28 U.S.C. § 2254 against David Mills, Warden of the facility, seeking a writ of habeas corpus.

**I. Background**

In February, 2001, a jury in Giles County found the petitioner guilty of matricide and aggravated arson. Docket Entry No. 16-13 at pgs. 14-15. For these crimes, he received a sentence of life imprisonment plus a consecutive term of twenty five (25) years. On direct appeal, it was found that the petitioner had been denied his right to testify. Accordingly, the Tennessee Court of Criminal Appeals reversed the convictions and remanded the case for a new trial. State v. Vaughan, 144 S.W. 3d 391 (Tenn. Crim. App. 2003).

The petitioner was retried in Maury County and was once again found guilty of matricide and aggravated arson. Docket Entry No. 16-20 at pgs. 146-147. For the murder of his mother, the petitioner was given a sentence of life imprisonment. *Id.* at pg. 148. A consecutive term of twenty

1

(20) years was added to the sentence for the aggravated arson conviction. *Id.* at pg. 160. On direct appeal, the Tennessee Court of Criminal Appeals affirmed the convictions. Docket Entry No. 16-56 at pgs. 2-21. The Tennessee Supreme Court later denied the petitioner's application for further review. *Id.* at pg. 45.

A *pro se* petition for state post-conviction relief was then filed in the Circuit Court of Maury County. Docket Entry No. 16-37 at pgs. 4-137. Following the appointment of counsel and an evidentiary hearing, the trial court denied the petitioner's request for post-conviction relief. *Id.* at pgs. 141-143. On appeal, the Tennessee Court of Criminal Appeals affirmed the lower court's ruling. Docket Entry No. 16-56 at pgs. 79-85.

## II. Procedural History

On January 4, 2010, the petitioner filed the instant petition (Docket Entry No. 1) for writ of habeas corpus. The petition sets forth several claims for relief.[1] These claims include:

> (1)     the evidence was insufficient to support the convictions;
>
> (2)     the trial judge committed evidentiary errors such as
> > a) improperly admitted evidence taken from the petitioner's automobile;
> > b) allowed into evidence the "expression" testimony of Bruce Asher;
> > c) allowed into evidence the taped recording of petitioner with Joel Robinson;
>
> (3)     trial counsel was ineffective because he failed to
> > a) "use notes created by the defendant to ask questions on direct examination";
> > b) cross-examine Bruce Asher;
>
> (4)     appellate counsel was ineffective for failing to

---

[1] The petitioner's claims are more specifically set forth in his unsigned Facts and Memorandum of Law. Docket Entry No. 2.

2

          a) adequately challenge the sufficiency of the
            evidence;
          b) plead prosecutorial misconduct as an appellate
            issue;[2]

(5)     petitioner's retrial violated the prohibition against double
        jeopardy;

(6)     petitioner was retried in violation of his right to a speedy
        trial; and

(7)     the prosecutor was guilty of misconduct.

Upon receipt of the petition, the Court conducted a preliminary review and determined that the petitioner had stated a colorable claim for relief. Accordingly, an order (Docket Entry No. 4) was entered directing the respondent to file an answer, plead or otherwise respond to the petition. Rule 4, Rules - - - § 2254 Cases.

Presently pending before the Court is the respondent's Motion for Summary Judgment (Docket Entry No. 17), to which the petitioner has offered a Response (Docket Entry No. 20). Upon consideration of the respondent's Motion, the petitioner's Response and the expanded record, it appears that an evidentiary hearing is not needed in this matter. *See* <u>Smith v. United States</u>, 348 F.3d 545, 550 (6th Cir. 2003)(an evidentiary hearing is not required when the record conclusively shows that the petitioner is entitled to no relief). Therefore, the Court shall dispose of the petition as the law and justice require. Rule 8(a), Rules - - § 2254 Cases.

### III. Discussion of Petitioner's Claims

**A.) Fourth Amendment Claim**

The petitioner alleges that items taken from his automobile were improperly admitted into

---

[2] At his second trial and on direct appeal, the petitioner was represented by Hershell Koger, a member of the Giles County Bar. Docket Entry No. 16-38 at pg. 47.

evidence because they were illegally seized in violation of the Fourth Amendment (Claim No. 2a). S*ee* Docket Entry No. 16-55 at pgs. 48-51. However, a Fourth Amendment claim is not actionable in a federal habeas corpus proceeding if the state provided the petitioner with an opportunity for a full and fair litigation of the claim. Stone v. Powell, 96 S.Ct. 3037, 3046 (1976).

In this instance, the trial court conducted a suppression hearing at which time the petitioner testified and had an opportunity to oppose the introduction of items taken pursuant to a search of his automobile. Docket Entry No. 16-22 at pgs. 17-92. The petitioner has questioned neither the fullness nor the fairness of the suppression hearing. Thus, petitioner's Fourth Amendment claim attacking the introduction of items seized from his automobile is not cognizable in this proceeding.

**B.) Remaining Evidentiary Claims**

The petitioner also claims that the trial judge erred when he allowed the introduction of "expression" testimony from Bruce Asher (Claim No. 2b) and the taped recording of a conversation between the petitioner and Joel Robinson (Claim No. 2c).

Federal habeas corpus review of evidentiary rulings based on state law is extremely limited. Giles v. Schotten, 449 F.3d 698, 704 (6th Cir.), *cert. denied,* 127 S.Ct. 589 (2006). A claim questioning the admissibility of evidence does not rise to the level of a constitutional violation unless it can be viewed as so egregious as to have deprived the petitioner of a fundamentally fair trial. Foley v. Parker, 488 F.3d 377, 384 (6th Cir. 2007). The petitioner has neither alleged nor shown that these supposed errors deprived him of a fundamentally fair trial. Therefore, these claims have no merit.

**C.) Exhaustion of State Remedies/Procedural Default**

A federal district court will not entertain a petition for writ of habeas corpus unless the

4

petitioner has first exhausted all available state court remedies for each claim in his petition. Cohen v. Tate, 779 F.2d 1181, 1184 (6th Cir.1985).While exhaustion is not a jurisdictional requirement, it is a strictly enforced doctrine which promotes comity between the states and federal government by giving the state an initial opportunity to pass upon and correct alleged violations of its prisoners' federal rights. Granberry v. Greer, 107 S.Ct. 1671, 1674-1675 (1987). Thus, as a condition precedent to seeking federal habeas corpus relief, the petitioner is required to fairly present his claims to the state courts. Baldwin v. Reese, 124 S.Ct. 1347, 1349 (2004). Once his federal claims have been raised in the highest state court available, the exhaustion requirement is satisfied, even if that court refused to consider the claims. Manning v. Alexander, 912 F.2d 878, 883 (6th Cir. 1990).[3]

The petitioner offers claims that were never presented to the highest state courts available for either direct or post-conviction review. *See* Docket Entry No. 16-55 at pgs. 28-58 (direct appeal); Docket Entry No. 16-56 at pgs. 47-61 (post-conviction). These claims include the ineffectiveness of appellate counsel (Claim No. 4a and b), the violation of the prohibition against double jeopardy (Claim No. 5), the denial of a speedy trial (Claim No. 6) and prosecutorial misconduct (Claim No. 7).

To properly satisfy the exhaustion requirement, claims must be fairly presented to every level of the state court system for consideration. Doctor v. Walters, 96 F.3d 675, 678 (3rd Cir. 1996). With respect to those claims that were never brought to every level of the state court system, the petitioner has obviously failed to satisfy the exhaustion requirement prior to the filing of this action. Unfortunately, at this late date, it appears that state court remedies for these claims are no longer

---

[3] In Tennessee, a habeas corpus petitioner need take his claims only as far as the Tennessee Court of Criminal Appeals to satisfy the exhaustion requirement. Adams v. Holland, 330 F.3d 398 (6th Cir. 2003).

available. *See* Tenn. Code Ann. § 40-30-102(a) and (c). Thus, by way of procedural default, the petitioner has technically met the exhaustion requirement with respect to these claims. Alley v. Bell, 307 F.3d 380, 385 (6th Cir. 2002)(if an unexhausted claim would be procedurally barred under state law, that claim is procedurally defaulted for purposes of federal habeas corpus review).

Nevertheless, to prevent a federal habeas corpus petitioner from circumventing the exhaustion requirement in such a manner, the Supreme Court has held that a petitioner who fails to comply with state rules of procedure governing the timely presentation of federal constitutional issues forfeits the right to federal review of those issues, absent cause for the noncompliance and some showing of actual prejudice resulting from the alleged constitutional violations. Wainwright v. Sykes, 97 S.Ct. 2497, 2505 (1977); Engle v. Isaac, 102 S.Ct. 1558, 1573 (1982).

The petitioner has offered no cause and prejudice to excuse his failure to exhaust the state court remedies for these claims in a timely manner. Consequently, these claims will not support an award of habeas corpus relief. Of course, even in the absence of cause and prejudice, a procedural default may be excused when review of a petitioner's claims is necessary to correct a fundamental miscarriage of justice. Coleman v. Thompson, 111 S.Ct. 2546 (1991); Murray v. Carrier, 106 S.Ct. 2639, 2649-50 (1986). A fundamental miscarriage of justice occurs when a constitutional violation has probably led to the conviction of one who is actually innocent. Murray, *supra*. In the absence of any evidence that would place doubt on his guilt, the petitioner has forfeited his right to federal review of those claims that were never fully and fairly exhausted in the state courts.

**D.) Fully Exhausted Claims**

The petitioner's remaining claims, i.e., the sufficiency of the evidence (Claim No. 1) and the ineffectiveness of trial counsel (Claim No. 3a and b), were fully litigated in the state courts on either

direct appeal or post-conviction and were found to be lacking in merit. When a claim has been adjudicated on the merits in state court, the state court adjudication will not be disturbed unless it resulted in a decision contrary to clearly established federal law or involved an unreasonable application of federal law in light of the evidence. 28 U.S.C. § 2254(d); Nevers v. Killinger, 169 F.3d 352, 357 (6th Cir.1999). In order for a state adjudication to run "contrary to" clearly established federal law, the state court must arrive at a conclusion opposite to that reached by the United States Supreme Court on a question of law or decide a case differently than the United States Supreme Court on a set of materially indistinguishable facts. To grant the writ for an "unreasonable application" of federal law, the petitioner must show that the state court identified the correct governing legal principle involved but unreasonably applied that principle to the facts of the case. Williams v. Taylor, 120 S.Ct. 1495 (2000). In short, state court judgments must be upheld unless, after an examination of the state court judgment, the Court is firmly convinced that a federal constitutional right has been violated. *Id*. at 120 S.Ct. 1511.

**1). Sufficiency of the Evidence**

The petitioner has challenged the sufficiency of the evidence to sustain his convictions. The right to due process guaranteed by the Constitution insures that no person will be made to suffer the onus of a criminal conviction except upon sufficient proof. Sufficient proof has been defined as the evidence necessary to convince a trier of fact beyond a reasonable doubt of the existence of every element of the offense." Jackson v. Virginia, 99 S.Ct. 2781, 2787 (1979). When weighing the sufficiency of the evidence to support a criminal conviction, the Court must view the evidence in a light most favorable to the prosecution. *Id*. at 99 S.Ct. 2789.

The undisputed evidence at trial showed that someone put a .25 caliber pistol to the victim's

head and shot her to death while she slept. Docket Entry No. 16-24 at pg. 28. To cover the killer's tracks, a fire was then started in the victim's bedroom. Docket Entry No. 16-23 at pg. 110. The proof further showed that the victim was the petitioner's mother. The petitioner had purchased a .25 caliber pistol days before his mother's death. Docket Entry No. 16-24 at pg. 131. He "lost" the pistol shortly before his mother's murder. *Id.* at pg. 117. The police were unable to find the pistol at the place where the petitioner said it had been lost. Docket Entry No. 16-25 at pgs. 41-42. However, the bullet recovered from the victim matched rounds previously fired from the .25 caliber pistol purchased by the petitioner. Docket Entry No. 16-26 at pg. 78.

Police noticed a very strong gasoline odor inside the petitioner's automobile. Docket Entry No. 16-27 at pg. 32. A gas can was found in the vehicle's trunk. Docket Entry No. 16-24 at pg. 122. Other items such as the floormats of the vehicle, a uniform worn by the petitioner and a coat tested positive for a flammable gasoline range product. Docket Entry No. 16-29 at pgs. 67-83. A co-worker, Bruce Asher, testified that the petitioner reacted without emotion when he learned of his mother's death. *Id.* at pg. 55.

The petitioner believes that the evidence was insufficient to support convictions for murder and arson because the prosecution's case was wholly circumstantial. Nevertheless, circumstantial evidence alone can support a criminal conviction, Apanovitch v. Houk, 466 F.3d 460, 488 (6th Cir. 2006), and such evidence need not remove every reasonable hypothesis except that of guilt. Walker v. Russell, 57 F.3d 472, 475 (6th Cir. 1995).

While the evidence was entirely circumstantial, there was sufficient testimonial and forensic proof implicating the petitioner in his mother's murder and the arson of her home. The jury's verdicts were not arbitrary. Therefore, this Court finds that the state courts were not acting contrary

to federal law when they rejected the petitioner's challenge to the sufficiency of the evidence.

## 2) Effectiveness of Trial Counsel

The petitioner alleges that his trial counsel was ineffective for failing to "use notes created by the defendant to ask questions on direct examination" and for failing to cross-examine a co-worker, Bruce Asher.

The Sixth Amendment provides that a criminal defendant is entitled to the effective assistance of counsel. McMann v. Richardson, 90 S.Ct. 1441, 1449 (1970). An ineffective assistance claim will only succeed, however, if the petitioner can show that his attorney's performance was in some way deficient and that the defense was prejudiced so as to render the criminal proceeding unfair and the result unreliable. Strickland v. Washington, 104 S.Ct. 2052 (1984). When considering such a claim, counsel is strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment. Mallett v. United States, 334 F.3d 491, 497 (6th Cir. 2003).

Prior to trial, the petitioner had scripted a number of questions that he wanted his attorney to ask him on direct examination and the answers he was prepared to give to those questions. Counsel refused to use the petitioner's script and testified at the post-conviction evidentiary hearing as follows :

> And I told him, I said, I can't do a script like this, asking you questions. And I think its a horrible, terrible idea to sit in front of a jury and read your answers back. Plus, I thought the State was going to get him at that time, as far as grabbing whatever he had, and that would just, I thought, look terrible in front of the jury.

Docket Entry No. 16-38 at pg. 55.

Clearly, counsel decided not to use the petitioner's script because he felt that it could hinder

the defense. Trial counsel's tactical decisions are particularly difficult to attack, <u>O'Hara v. Wigginton</u>, 24 F.3d 823, 828 (6th Cir. 1994), and petitioner's challenge to such a decision must overcome a presumption that the refusal to use petitioner's script was sound trial strategy. <u>Darden v. Wainwright</u>, 106 S.Ct. 2464, 2474 (1986). In this instance, counsel weighed the benefits and the potential pitfalls involved with using the petitioner's script and decided that it was best not to accept the petitioner's suggestion. This was a measured response that was wholly reasonable under the circumstances. Thus, the petitioner has failed to show that counsel was deficient in this respect.[4]

Finally, the petitioner asserts that counsel was ineffective for failing to cross-examine his co-worker, Bruce Asher. Asher testified on direct examination that the petitioner had displayed no emotion when he learned of his mother's death. The petitioner has conceded, however, that Asher's testimony was not "all that damaging" to his case. Docket Entry No. 16-38 at pg. 28. As a consequence, the petitioner has failed to show that the defense had been prejudiced to the extent that the criminal proceeding was unfair and the result of the trial unreliable. Therefore, the petitioner has made no showing of ineffective assistance arising from the refusal to cross-examine this witness.

The petitioner has offered no clear and convincing evidence to rebut the presumption of correctness that must be accorded the factual findings made by the state courts. 28 U.S.C. § 2254(e)(1). Nor has the petitioner demonstrated in what way the legal rationale of the state courts runs contrary to federal law. Therefore, having carefully reviewed the record, it appears that the state court adjudication of petitioner's fully exhausted claims was neither contrary to nor an unreasonable application of federal law. Consequently, these claims will not support an award of habeas corpus

---

[4] To make the petitioner less anxious about testifying, counsel prepared an outline for the petitioner of questions he would be asking him on direct examination. Docket Entry No. 16-38 at pg. 57.

relief.

In the absence of an actionable claim, the Court finds that the respondent's Motion for Summary Judgment has merit. Accordingly, respondent's Motion shall be granted and this action will be dismissed.

An appropriate order will be entered.

Aleta A. Trauger
United States District Judge